UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD A. BONICA,** | ) | **CASE NO. 1:14 CV 946** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CONSOLIDATED RAIL** | ) | **AND ORDER** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Richard A. Bonica filed this action against Consolidated Rail Corporation ("Conrail"). He indicates he is filing this suit to obtain payment of his Conrail pension.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (ECF No. 2). That Motion is granted.

## I. BACKGROUND

Plaintiff's Complaint is very brief. In its entirety, it states:

> The Plaintiff Richard A. Bonica comes to this court to bring suit for an award & payment of my Conrail ESOP which is a qualified pension plan. I am totally and permanently disabled and have reached 65 years of age DOB 9/25/48. I have been ignored, misled and denied. Our United States post office has played a part possibly unaware. I pray for relief and justice due myself and family.

(Doc. No. 1 at 1).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-678 , further explains the "plausibility" requirement,

stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

Plaintiff's Complaint is completely devoid of factual allegations and legal claims. While it is possible Plaintiff may be attempting to assert claims under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), he includes no facts to suggest that he was employed by Conrail and the period of his employment, that he was vested in the pension plan, that he is eligible for benefits under the terms of the plan, that he requested payment of those benefits and that he was denied benefits for reasons which are not supported under the terms and conditions of the plan. To state a claim that meets basic notice pleading requirements, Plaintiff must allege sufficient facts in his Complaint to allow the Court to draw a reasonable inference that the Defendant is liable for misconduct alleged. Plaintiff has not alleged misconduct nor has he given the Court facts to support the conclusion that he was wrongfully denied benefits. At best, the Complaint contains only the legal conclusion that he is entitled to benefits. Legal conclusions are insufficient to state a plausible claim for relief.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted

and this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    **IT IS SO ORDERED**.

                                          */s/Dan Aaron Polster 9/15/14*
                                          **Dan Aaron Polster**
                                          **United States District Judge**

---

[1]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.